ALMON, Justice.
This petition for writ of mandamus raises a question of the authority of a circuit judge of this State to grant an order authorizing a party to take a deposition as part of a multi-party, multi-jurisdictional deposition to be taken before a federal magistrate in another state. The instant action is a suit against Seaboard Coast Line Railroad Company by Robert L. Edwards based on injuries allegedly suffered due to exposure to asbestos while Edwards was in the employment of Seaboard.
The deposition in question is that of a doctor from California, allegedly a medical expert in the field of asbestos-related diseases. A federal district court in Virginia ordered that the deposition be taken and videotaped in Kansas City, Missouri. Seaboard, in its motion for an order authorizing the deposition in Edwards’s action, stated that “Several hundred related cases are pending against the defendant and other railroad defendants in various state and federal courts. Consequently, the deposition is intended to be multi-jurisdictional in nature.”
Prior to the filing of Seaboard’s motion, Edwards refused to enter into a stipulation that the deposition would be taken. Edwards opposed the motion, but the trial court authorized the deposition. Edwards filed this petition for writ of mandamus, together with a motion to stay the order authorizing the deposition.
The time scale of these proceedings has been very compressed. Edwards first learned of the proposed stipulation on August 31; the trial court entered the order authorizing the deposition on September *856 10; Edwards filed this petition and motion for stay on September 11; a “discovery deposition” of the doctor was held in California on September 12; the case was submitted in this Court on the petition, answer, and briefs on September 26; and this Court granted the stay on September 27. The deposition was scheduled to begin on October 1, and nothing has been filed in this Court to indicate that it was postponed.
In considering the motion for stay, this Court was aware that disposition of that motion would effectively decide the petition. Our consideration of the merits at that time led to the conclusion that no provision of Alabama law, whether statute or rule, gave the circuit court the authority to enter the order authorizing the deposition over Edwards’s objection.
The federal courts operate under statutes and rules which provide for both mul-ti-district consolidation or transfer and supervision by magistrates of pretrial proceedings. For example, 28 U.S.C. § 1407, “Multidistrict litigation,” begins: “When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.” Rule 72, Fed. R.Civ.P., and 28 U.S.C. § 636 provide for and govern the reference of pretrial proceedings to magistrates.
Alabama law contains no parallels to these practices. To the extent our law touches upon such matters, it is quite contrary to the procedure contemplated by the federal provisions. Our rules contemplate supervision of depositions and discovery only by the trial court. Rules 30 through 37, A.R.Civ.P. They contain no provision for magistrates as in federal rule 72. Rule 42, A.R.Civ.P., mentions only consolidation of “actions involving a common question of law or fact ... pending before the court.” Thus, the rule provides for consolidation of actions only within a circuit, not among circuits.
Seaboard cites no authority tending to defeat the proposition that the trial court exceeded its authority in granting the order allowing the deposition arranged in a Virginia federal court to pertain to this action. Edwards seeks a writ of mandamus ordering the trial court to set aside its order of September 10. We agree that the court had no authority to enter that order and therefore grant the writ.
WRIT GRANTED.
All the Justices concur.