ALMON, Justice.
This is a declaratory judgment action. The First National Bank of Russellville sued R & A Construction Products, Inc., Owens Fabricating Company, Inc., and Robert E. Owens for a determination of the amount due under a contract. Owens Fabricating had assigned to the bank its rights under a contract with R & A Construction. The trial court entered a judgment declaring that R & A Construction owes the bank $151,209.58. R & A Construction argues that the court erred in failing to allow certain credits against the amount due and in failing to stay its judgment pending the outcome of a related action in another circuit.
R & A Construction is a Louisiana corporation. Owens Fabricating is an Alabama Corporation with its principal place of business in Franklin County, Alabama.
On February 2, 1983, R & A Construction and Owens Fabricating entered into a contract whereby Owens Fabricating was to “detail, fabricate, paint and deliver all structural and miscellaneous steel [for the Sanctuary of the Jimmy Swaggart World Ministry Center in Baton Rouge, Louisiana] as per plans and specifications for the sum of $920,975.00 including all applicable sales taxes” (sometimes referred to as the Swag-gart contract). On February 3, Owens Fabricating assigned its rights to payment under the contract to the First National Bank of Russellville and directed R & A Construction to make all payments under the contract to the bank. R & A Construction accepted this assignment on February 10 and agreed to make the payments as directed therein.
Also on February 3, Owens Fabricating signed a promissory note to the bank in the amount of $736,780.00. The note listed the assignment as security for the debt. The promissory note established a line of credit on which Owens borrowed money to pay its suppliers for steel. The parties began operation under the contracts.
Owens Fabricating ran into financial difficulties. It apparently fell behind in payments to Jeffreys Steel Company, Inc., its principal supplier. At one point, Jeffreys Steel insisted that Owens Fabricating pay it $52,000.00 before it would ship any more steel. Owens Fabricating had borrowed the entire amount available on the note secured by the assignment. On August 5, 1983, Ronnie Ford, president of R & A Construction, wrote a check for $52,000.00 payable jointly to Owens Fabricating and Jeffreys Steel. All of the other checks[1] from R & A Construction were made pay *1121 able jointly to Owens Fabricating and First National Bank of Russellville.
On September 30, 1983, Owens Fabricating ceased operating. At this time the contract with R & A Construction had been substantially performed.
The bank’s complaint alleged that the amount due Owens Fabricating on the contract as of September 30, 1983, was $240,-000.00, but a check for $8,500.00 from R & A Construction had subsequently been received. The complaint also alleged that Owens Fabricating was in default on its note and that the amount due was $399,-770.70 plus attorneys’ fees and costs of collection.
Robert Owens died before the case came to trial. After holding a trial without a jury, the court found that R & A Construction owed the bank $151,209.58. The court specifically noted that it disallowed the $52,000.00 credit for the check to Jeffreys Steel.
R & A Construction argues that the court erred in disallowing the credit for the check to Jeffreys Steel, a credit for Louisiana sales taxes which Owens Fabricating had agreed to pay, and a credit for $31,-200.00 agreed to as a commission to R & A Construction for securing the contract for Owens with the general contractor. R & A Construction also argues that the court initially agreed to stay its order until a judgment was issued in a case filed by Jeffreys Steel in another circuit against the parties in this action, but then issued its order while that case was still pending.
At the outset of discussion of these issues, we note that the case presented numerous factual issues. R & A Construction raised ten or twelve items for which it sought credit in addition to the three it argues here. Furthermore, it appears that R & A Construction had other contracts with Owens Fabricating being performed in the same period as the Swaggart contract and requiring steel from Jeffreys Steel. These factors, of course, substantiate the presumption in favor of the trial court’s findings when it hears ore tenus evidence.
With the amount awarded being approximately $80,000 less than the amount claimed, it is clear that the trial court gave R & A Construction credit for some of the items it claimed, but it is not clear which ones — except the $52,000.00 paid to Jef-freys Steel, which it specifically denied. The evidence supports the trial court’s decision not to give credit for this item.
The record discloses that there was a failure of proof that this payment was strictly attributable to the Swaggart contract. Because Owens Fabricating was purchasing steel from Jeffreys Steel for several contracts it was performing for R & A Construction, the trial court could have found that this payment should be allocated to one or more of the other contracts. When R & A Construction’s attorney asked Ronnie Ford if Robert Owens had told him that this payment was for steel on the Swaggart job, the bank’s attorney objected on the grounds of the Dead Man’s Statute, Code 1975, § 12-21-163. The trial court sustained the objection. R & A Construction does not argue that this ruling was in error, but only that the trial court erred in not allowing the amount. There was no other attempt to prove that the payment must be allocated to the Swaggart contract.
Even assuming the evidence was sufficient to establish that the $52,000 payment should be credited to the Swaggart job, the trial court’s ruling in this regard is due to be affirmed because this payment was contrary to the terms of the assignment. R & A Construction argues that the assignment did not prevent the principal parties from altering the terms of the contract. Even accepting this argument, it does not follow that the parties could alter the contract with respect to the primary condition of the assignment — that all payments would be made to the bank. R & A Construction argues that only by its payment to Jeffreys Steel was Owens Fabricating able to continue performance, without which the bank would have been paid substantially less. This is true, but it is also true that only by the bank’s advancing *1122 credit to Owens Fabricating, conditioned on the assignment, was Owens Fabricating able to perform at all. The bank had the right to expect compliance with this term of the assignment.
Therefore, either because there was a failure of proof that the payment could only be attributed to the Swaggart contract or because the payment was contrary to the terms of the assignment, the trial court did not err in denying credit for the $52,-000.00 payment to Jeffreys Steel.
R & A Construction next argues that the trial court erred in excluding evidence relating to Owens Fabricating’s obligation to pay Louisiana sales tax. The ruling about which R & A Construction complains came during the testimony of Ronnie Ford. The trial court overruled objections to questions eliciting from Ford answers that Owens Fabricating was supposed to pay Louisiana sales tax and that the tax was six percent. Immediately thereafter, the following occurred:
“Q. Mr. Ford, have you made a calculation of what sales taxes would be due?
“A. I’ll do it again for you.
“Q. On the materials Owens ... was obligated to supply for the Swaggart job?
“A. Yes.
“Q. Do you know what the sales, state and parish sales tax, were?
“[Attorney for the bank]: We want to continue an objection. There’s no evidence, and no way of knowing he’s competent.
“The Court: Are you representing to the Court that Owens would owe Louisiana sales tax?
“[Attorney for R & A Construction]: I’m representing to the Court Owens would owe Louisiana sales tax. It was paid on all the other materials shipped in the job, and further, my man, although he’s not paid it, is exposed to liability in Louisiana for that tax.
“[Attorney for the bank]: There is not one shred of documentation supporting this testimony.
“The Court: Objection is sustained.
[[Image here]]
“The Court: ... [I]t seems to me you’re attempting to calculate sales tax on sales that may never have been reported, for instance, and no liability recorded.”
The court did not err in sustaining the objection. R & A Construction acknowledged that it had not paid the taxes. As the bank pointed out, R & A Construction made no offer to prove that Louisiana had assessed any taxes or tried to collect any. Ford’s calculations, unsupported by any such proof, were in effect an attempt to prove Louisiana law without the notice required by Rule 44.1, A.R.Civ.P. The court committed no error in sustaining the objection in the absence of proper proof that the taxes would be due under Louisiana law.
The final item R & A Construction says should have been credited against its liability is a $31,200.00 commission Owens Fabricating agreed to pay R & A Construction. This was an alleged oral agreement as to which there was disputed testimony. Although it is not clear that the trial court refused to allow this credit, there is no error presented, even assuming that it was refused. This was a purely factual matter to be resolved by the trial court, and the evidence in favor of the credit was not so decisive that we can say the trial court’s finding was clearly erroneous.
R & A Construction also argues that the trial court erred in failing to withhold judgment pending the outcome of a case filed in another circuit by Jeffreys Steel against R & A Construction, Owens Fabricating, and the bank. The trial court committed no abuse of discretion in rendering judgment. Just as there is no authority in this state requiring consolidation of cases filed in different circuits, see Ex parte Edwards, 460 So.2d 855 (Ala.1984), there is nothing that requires a circuit court to stay its judgment pending the outcome of a case in another circuit.
R & A Construction cites no authority tending to show that the court should have *1123 stayed its judgment, but only argues that because the court at one time indicated it would withhold judgment, it erred in rendering judgment without awaiting a result in the other case. A preliminary decision by the court is subject to revision until final judgment is entered. Cf. Rule 54(b), A.R.Civ.P. Moreover, R & A Construction made no post-judgment motion. Because it did not give the trial court the opportunity to explain or correct its decision to proceed to judgment, R & A Construction is not in a position to argue the issue here.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and BEATTY, JJ., concur.

. Except two checks written in July, one for $12,000.00 and one for $20,000.00, which were payable only to Owens Fabricating and marked “Advance.” The bank disputed the claim that these applied to the Swaggart contract.